IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL R. RANKIN, #044737
    Plaintiff,

vs.                                            Case No.:  5:07cv299/RS/EMT

MEDICAL SERV. OF DOC, et al.,
    Defendants.
_____/

**ORDER, REPORT AND RECOMMENDATION**

       Plaintiff, a Florida inmate proceeding pro se, initiated this civil rights action under 42 U.S.C. § 1983 (Doc. 1).  The court previously granted Plaintiff's motion to proceed in forma pauperis (*see* Docs. 5, 7).  The court granted the motion based only upon the monetary information supplied in the motion; however, based upon further review of the file and of previous cases filed by Plaintiff, the court vacates its order granting the motion and recommends dismissal of this action pursuant to 28 U.S.C. § 1915(g).

       Plaintiff names seven Defendants in this civil rights action, including the medical department and food service department at Washington Correctional Institution (WCI), and several staff members of those departments (Doc. 9 at 1, 2).  Plaintiff states that he is 55 years old and suffers from a chronic back condition, three herniated discs with nerve damage to his left side, diabetes, and hypertension (*id.* at 7).  He states that when he arrived at WCI in June of 2004, he was given a work assignment as a houseman, which was classified as "light duty" (*id.*).  However, in October of 2006, he was reassigned to food service, and the work activities caused him to experience serious pain in his lower back, burning pain down his left thigh and buttock, and shooting pain in his feet (*id*. at 7, 7-1).  Plaintiff states that the medical department at WCI prescribed Ibuprofen for the pain but refused to issue any medical passes limiting his activities, such as passes prohibiting heavy lifting,

prolonged standing, and continuous bending, and passes requiring that he be assigned to a lower bunk or permitting him to wear soft shoes (*id*. at 7-1, 7-2).

Plaintiff additionally states that in January of 2007, he injured his right thumb while working in food service, and the WCI medical department delayed two months before performing an x-ray (Doc. 9 at 7-3). Even after the x-ray, the medical department did not diagnose his injury but sent him to a specialist (*id*.). Plaintiff requested a pass limiting his activity affecting the thumb, and a nurse gave him a 10-day pass restricting his lifting of over 10 pounds with his right hand (*id*.). Plaintiff states that several months later, the WCI medical department had still not diagnosed the condition of his thumb (*id*.).

Plaintiff states that on April 11, 2007, he was reassigned to the dish machine (Doc. 9 at 7-3). He states that on his first day at the dish machine, he slipped and fell, injuring his lower back and right knee (*id*. at 7-3, 7-4). Plaintiff alleges that the accident was caused by the WCI food service department's negligent failure to put mats in the "tray room" or around the dishwasher (*id*. at 7-4). Plaintiff alleges that as a form of "psychological escapism" from his physical pain, he began overeating at WCI, which exacerbated his diabetes (*id*. at 7-3).

Plaintiff claims that Defendants violated his rights to adequate medical care and a safe environment at WCI, in violation of the Eighth and Fourteenth Amendments (Doc. 9 at 8). As relief he seeks an injunction requiring the medical services department at WCI to issue passes restricting his activities to coincide with his physical limitations (*id*.). Additionally, he seeks compensatory and punitive damages in the amount of $1,000,000.00 from each of the seven Defendants (*id*.).

The court takes judicial notice of three cases previously filed by Plaintiff in the federal courts: (1) <u>Michael Renard Rankin v. Sheriff Barrett</u>, No. 1:00cv89-MHC (N.D. Ga. Jan. 28, 2000); <u>Michael Renard Rankin v. State Bd. of Pardons and Paroles, et al.</u>, No. 1:00cv407-MHS (N.D. Ga. Mar. 8, 2000), and <u>Michael Renard Rankin v. Tampa Housing Authority, et al.</u>, No. 8:01cv1354-RAL (M.D. Fla. July 20, 2001). Plaintiff was incarcerated at the time of filing each of those cases, as his address of record was a penal institution, and his address did not change during the course of the litigation. Additionally, each of those cases was dismissed by the district court in 2000 and 2001, respectively, on the ground that they failed to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement.  Furthermore, his three prior cases, identified *supra*, qualify as "strikes" under § 1915(g).  Therefore, the issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, entitled to proceed in forma pauperis.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true.  *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in

administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed.  *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the court notes that at the time Plaintiff filed his complaint in the instant action, he was no longer an inmate at WCI but had been transferred to Gulf Correctional Institution (GCI) (*see* Doc. 1 at 2), and his amended complaint confirms that he is still at GCI (*see* Doc. 9 at 2).  Furthermore, his complaint concerns only the conditions at WCI.  Because Plaintiff was no longer exposed to the conditions at WCI at the time he initiated this action, and he does not allege that his current conditions of confinement pose an imminent threat of serious injury, he does qualify under the imminent danger exception to § 1915(g).  Accordingly, he may not proceed in forma pauperis.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

1.	The court's previous order (Doc. 7) granting Plaintiff's motion to proceed in forma pauperis (Doc. 5) is hereby **VACATED**.

2.	Plaintiff's motion to proceed in forma pauperis (Doc. 5) is **DENIED**.

3.	The clerk of court shall mail a copy of this order to:  Department of Corrections, 2601 Blairstone Road, Tallahassee, FL  32399-2500, Attention:  Agency Clerk.  The agency having custody of Plaintiff shall no longer forward payments from Plaintiff's account to the court for Case No. 5:07cv299/RS/EMT.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 17th day of March 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**